ORIGINAL

FILED
U.S. DISTRICT COURT
NORTHERN DIST. OF TX
FT. WORTH DIVISION

2012 OCT 18 AM 11: 43

CLERK OF COURT

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
### (Ft. Worth Division)

| | |
|---|---|
| MAYFORD K. DAVIS, JR., individually and as a private attorney general on behalf of others similarly situated;<br>    Plaintiff<br><br>v.<br><br>JOHN SCHWAB, PRESIDENT, NCO FINANCIAL SYSTEMS, INC., INOVISION-MEDCLR PORTFOLIO GROUP, LLC.,<br>    Defendants | CASE NO. 4-12CV-740-A<br><br>JUDGE _____<br><br>**TRIAL BY JURY DEMANDED** |

## ORIGINAL COMPLAINT FOR VIOLATIONS OF
## FCRA, 15 U.S.C. § 1681 and FDCPA, 15 U.S.C. § 1692

Plaintiff, MAYFORD K. DAVIS, JR., individually and as a private attorney general on behalf of others similarly situated hereby brings this lawsuit against Defendants, JOHN SCHWAB, PRESIDENT, NCO FINANCIAL SYSTEMS, INC., INOVISION-MEDCLR PORTFOLIO GROUP, LLC.

### JURISDICTION AND VENUE

1. The jurisdiction of the Court is conferred by 15 U.S.C. § 1681p, 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1331.

2. Venue is proper in this District Court pursuant to 28 U.S.C. § 1391.

3. Venue is proper in the UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS (Ft. Worth Division).

4. This is an action for damages which is less than $25,000.

5. This complaint is brought within the statute of limitations as set forth in the FDCPA 15 U.S.C. § 1692k(d) and the FCRA 15 U.S.C. § 1681p(1) and (2).

6. All conditions precedent to the bringing of this action have been performed, waived, or excused.

## PARTIES

7. The Plaintiff in this lawsuit is MAYFORD K. DAVIS, JR., a natural man, who resides in Parker County, Texas.

8. The Defendants in this lawsuit are JOHN SCHWAB, PRESIDENT, NCO FINANCIAL SYSTEMS, INC., INOVISION-MEDCLR PORTFOLIO GROUP, LLC with an address of 507 Prudential Road in Horsham, PA at 19044 with a telephone number of (888) 495-8352.

## PRELIMINARY STATEMENT

9. This is an action for damages for violations of the Fair Credit Reporting Act (FCRA) 15 U.S.C. § 1681 and the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. § 1692.

10. Plaintiff contends that the Defendants, a collection agency, has violated said laws by obtaining, willfully and negligently, his consumer credit reports illegally, without a permissible purpose, and knowingly reporting false information to the credit reporting agencies.

11. Plaintiff, MAYFORD K. DAVIS, JR., is a consumer as defined within the meaning of the FDCPA, 15 U.S.C. § 1692a(3) and the FCRA, 15 U.S.C. § 1681a(c).

12. Defendant's, SCHWAB, ET AL, are debt buyers/collectors as defined within the FDCPA, 15 U.S.C. § 1692a(6).

13. A consumer report is a communication of information as defined within the FCRA, 15 U.S.C. § 1681a(d).

14. The term "Communication" means the conveying of information regarding a debt directly or indirectly to a person through any medium as stated within the FDCA, 15 U.S.C.§ 1692a(2).

15. The FCRA defines the permissible purpose for which a person may obtain a consumer credit report at 15 U.S.C. § 1681b.

16. EQUIFAX is a credit reporting agency within the definition of the FCRA, 15 U.S.C. § 1681a(f).

17. As defined by 15 U.S.C. § 1681b permissible purposes are generally as if the consumer <u>makes application</u> for credit, if the consumer <u>makes application</u> for employment, if the consumer <u>makes application</u> for insurance which would require underwriting, or if the consumer is offered a bona fide offer of credit as a result of the inquiry and none of these situations occurred and there is no evidence to the contrary.

18. Plaintiff has never had any business dealings or "account"s, as defined by 15 U.S.C. § 1683a(2), with, made application for credit from, made application for employment with, applied for insurance with, or received a bona fide offer of credit from said Defendants and there is no evidence to the contrary.

19. Upon belief and information, Plaintiff contends that these practices are widespread across the country. Therefore, Plaintiff is suing as a private attorney general on behalf of all others similarly situated. Plaintiff intends to propound discovery to said Defendants identifying these other individuals who have suffered similar violations of the FCRA and the FDCPA. Plaintiff intends to seek attorney's fees from said

Defendants, JOHN SCHWAB, NCO FINANCIAL SYSTEMS, INC., INOVISION-MEDCLR PORTFOLIO GROUP, LLC., as a private attorney general. (The "private attorney general" concept holds that a successful private party plaintiff is entitled to recovery of his legal expenses, including attorney fees, if he has advanced the policy inherent in public interest legislation on behalf of a significant class of persons. Dasher v. Housing Authority of City of Atlanta, GA, D.C.Ga., 64 F.R.D. 720, 722; Graziano v. Harrison 950 F.2d 107; deJesus v. Banco Popular de Puerto Rico, 918 F.2d 232, 235 (1st Cir. 1990); Pipiles v. Credit Bureau of Lockport, 886 F.2d 22, 28 (2d Cir. 1989); Emanuel v. American Credit Exchange, 870 F.2d 805, 809 (2d Cir. 1989); See also **Equal Access to Justice Act**.)

## FACTUAL ALLEGATIONS

20. On or about **May 17, 2011** Plaintiff obtained his consumer credit report from the credit reporting agencies Equifax, TransUnion, and Experian. Plaintiff found an entry on the **Equifax** report connected to said Defendants that was unknown and/or not authorized by the Plaintiff.

21. Plaintiff discovered after examining the consumer credit reports that the Defendants, SCHWAB, et al had obtained his consumer credit report during the month of **April 2009**.

22. On or about **July 24, 2012** Plaintiff mailed to the Defendants a certified letter (# 7010 1670 0002 5084 7789) regarding Intent To Sue. This letter was an attempt to honorably settle this matter and to mitigate the damages to the Defendant. The USPS records indicate that the letter was delivered to the Defendants at 8:31 am on July 27, 2012.

23. On or about **August 7, 2012** Plaintiff received a letter from a Dawn M. Rhodenbaugh, Consumer Affairs Representative III, on behalf of John Schwab indicating "the above referenced account is closed in our office." The **egregious violation of Plaintiff's privacy** had already occurred.

24. On or about **August 8, 2012** Plaintiff mailed to said Defendants a certified letter (# 7010 1670 0002 5084 7895) regarding Notice of Pending Lawsuit. This second letter was an attempt to allow the Defendants an opportunity to honorably settle this **egregious violation of Plaintiff's right to privacy** and to mitigate the damages and costs.

## COUNT 1
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA) 15 U.S.C. § 1692

25. Paragraphs 1 through 24 are realleged as though herein set forth.

26. Defendants obtained Plaintiff's consumer credit report under false and misleading representations violating the FDCPA, 15 U.S.C. §§ 1692e and 1692e(2).

27. Defendants used deceptive means in an attempt to collect an alleged debt by obtaining Plaintiff's consumer credit report violating the FDCPA § 1692e(10).

28. Defendants utilized Unfair Practices in the attempt to collect an alleged debt therefore violating the FDCPA § 1692 f.

29. Defendants failed to adequately validate the alleged debt violating the FDCPA, § 1692g.

30. **WHEREFORE**, Plaintiff demands judgment for statutory damages of **$1,000** from each Defendant under the FDCPA, 15 U.S.C. § 1692a(2)(A).

## COUNT II
## VIOLATION OF THE FAIR CREDIT REPORTING ACT

### (FCRA) 15 U.S.C. § 1681n

31. Paragraphs 1 through 24 are realleged as though set forth herein.

32. Defendants, JOHN SCHWAB, NCO FINANCIAL SYSTEMS, INC., INOVISION-MEDCLR PORTFOLIO GROUP, LLC., willfully failed to comply with the FCRA at 15 U.S.C. § 1681n by obtaining Plaintiff's consumer credit report from Equifax without permissible purpose as set forth in 15 U.S.C. § 1681b(f).

33. Plaintiff has reviewed all of **the limited and specific circumstances** that would grant said Defendants permissible purpose to obtain Plaintiff's consumer credit report under 15 U.S.C. § 1681b and **none** applied to the Defendants which is an <u>egregious violation of Plaintiff's right to privacy.</u>

34. At no time have Defendants ever indicated what justification they may have had for obtaining Plaintiff's consumer credit report. The Defendants had a duty to properly ascertain if there was any legitimate permissible purpose prior to obtaining Plaintiff's consumer credit report and the Defendant breached said duty by failing to do so. There does not exist an account with the Defendant that provides them a right to collect to have a permissible purpose to obtain Plaintiff's consumer credit report and therefore Plaintiff is entitled to statutory damages for **BREACH OF SAID DUTY**.

35. **WHEREFORE**, Plaintiff demands judgment for statutory damages of **$1,000** for each violation against each Defendant pursuant to 15 U.S.C. § 1681n, attorney's fees of $3,000 (see ¶ 19), **costs**, punitive damages, and other such relief determined by the Honorable Court.

### COUNT III
### VIOLATIONN OF THE FCRA 15 U.S.C. § 1681o

36. Paragraphs 1 through 24 are hereby realleged as though set forth herein.

37. Defendants, JOHN SCHWAB, NCO FINANCIAL SYSTEMS, INC., INOVISION-MEDCLR PORTFOLIO GROUP, LLC., negligently failed to comply with the FCRA § 1681o by obtaining Plaintiff's consumer credit report without permissible purpose as set forth in 15 U.S.C. § 1681b(f).

38. Plaintiff has never given said Defendants consent, implied or otherwise, to acquire Plaintiff's consumer credit report from any credit reporting agency.

39. Plaintiff has submitted several communications (See ¶¶ 22-24) to Defendants indicating an "Intent to Sue" and "Pending Lawsuit" as a good faith effort to reach a settlement for the violations in obtaining Plaintiff's consumer credit report prior to filing a civil lawsuit against Defendants.  The Defendants counsel replied via an email and stated that because the alleged debt was of a medical nature that gave them a permissible purpose for illegally obtaining the consumer credit report of the Plaintiff. Plaintiff does not owe Defendant's any money for any alleged debt.

40. The actions of the Defendants obtaining the Plaintiff's consumer credit report with no permissible purpose or the specific consent of the Plaintiff is a negligent violation of the FCRA, 15 U.S.C. 1681 b and is an **egregious violation of Plaintiff's right to privacy**.  The Plaintiff is entitled judgment in his favor for costs and fees for the violations stated.

41. **WHEREFORE**, Plaintiff demands judgment for each violation against each Defendant pursuant to 15 U.S.C. § 1681o, attorney's fees of **$3,000** (see ¶ 19), **costs**, and other such relief as determined by the Honorable Court.

### COUNT IV

### VIOLATION OF FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681 WILLFUL NON-COMPLIANCE BY SAID DEFENDANTS

42. Paragraphs 1 through 24 are realleged as though fully set forth herein.

43. Plaintiff, MAYFORD K. DAVIS, JR., is a consumer within the meaning of the Fair Credit Reporting Act, 15 U.S.C. § 1681a(c).

44. Defendants, SCHWAB ET AL, are furnishers of information within the meaning of the FCRA, 15 U.S.C. §1681s-2.

45. Equifax is a credit reporting agency within the definition of the FCRA, 15 U.S.C. § 1681a(f).

46. Consumer credit report is a consumer report as defined in the FCRA, 15 U.S.C. § 1681a(d).

47. Defendants violated FCRA, 15 U.S.C. § 1681b(f)(2) as there was no <u>proper certification</u> as required which is an **egregious violation of Plaintiff's right to privacy.**

48. **WHEREFORE**, Plaintiff demands judgment for damages in the amount of <u>**$1,000 for each violation**</u> against each Defendant, SCHWAB ET AL, for actual or statutory damages, and punitive damages, attorney's fees of **$3,000** (see ¶ 19), and **costs**, pursuant to 15 U.S.C. § 1681n.

**WHEREFORE**, Plaintiff demands judgment against said Defendants, for damages, **statutory damages of $12,000**, punitive damages where applicable, **attorney's fees of $9,000** (see ¶ 19), **costs**, and other relief as determined by the HONORABLE COURT pursuant to 15 U.C.S. § 1681n(a)(3), § 1681o, and § 1692k.

### DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a **Trial By Jury** of all triable issues as a matter of law.

Respectfully submitted on this 18th day of October, 2012.

1
2  *Mayford K. Davis, Jr.* (signature)
   Mayford K. Davis, Jr.
3  216 Camelot Drive
   Weatherford, Texas 76086
4  (817) 768-7459
   mdcherokee44@gmail.com
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ORIGINAL
JS 44 (Rev. 09/11)

# CIVIL COVER SHEET

The JS 44 civil coversheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
DAVIS, MAYFORD K., JR.

**(b)** County of Residence of First Listed Plaintiff  PARKER
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

## DEFENDANTS
JOHN SCHWAB, PRESIDENT, NCO FINANCIAL SYSTEMS, INC., INOVISION-MEDCLR PORTFOLIO GROUP, LLC

County of Residence of First Listed Defendant  MONTGOMERY
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

4-12CV-740-A

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only)* and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☒ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 720 Labor/Mgmt. Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Med. Malpractice | ☐ 380 Other Personal Property Damage | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition) | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district *(specify)*  ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
FCRA 15 USC 1681 & FDCPA 15 USC 1692
Brief description of cause:
Willfully & Negligently obtaining consumer credit reports/filing false information to credit reporting agencies

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ 21,000.00   CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) PENDING OR CLOSED:
*(See instructions):*  JUDGE ____  DOCKET NUMBER ____

DATE  Oct. 18, 2012
SIGNATURE OF ATTORNEY OF RECORD  Mayford K. Davis Jr.

**FOR OFFICE USE ONLY**
RECEIPT # FWO18002  AMOUNT $350.00  APPLYING IFP ____  JUDGE ____  MAG. JUDGE ____