ORIGINAL

U.S. DISTRICT
NORTHERN DISTRICT OF TEXAS
**FILED**

NOV 1 3 2012

CLERK, U.S. DISTRICT COURT
By _____
Deputy

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | |
|---|---|
| **MAYFORD K. DAVIS, JR.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Cause No.  4:12-cv-00740-A** |
| **v.** ) | |
| ) | |
| **JOHN SCHWAB, NCO FINANCIAL** ) | |
| **SYSTEMS, INC., and INOVISION-** ) | |
| **MEDCLR PORTFOLIO GROUP,** ) | |
| **LLC** ) | |
| ) | |
| **Defendants.** ) | |

## DEFENDANTS' BRIEF IN SUPPORT OF
## THEIR MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Whitney L. White
State Bar No. 24075269

**Sessions, Fishman, Nathan, & Israel, LLC**
900 Jackson Street, Suite 440
Dallas, Texas 75202
Telephone: (214) 741-3001
Facsimile:  (214) 741-3055
Email: wwhite@sessions-law.biz

**Attorney for Defendants**

## **TABLE OF CONTENTS**

I.    INTRODUCTION ...................................................................................... 1

II.   PROCEDURAL HISTORY ...................................................................... 2

III.  LAW AND ARGUMENT ......................................................................... 2

   A.  Plaintiff failed to properly serve Schwab. ................................................ 2

   B.  Plaintiff fails to plead facts showing the Court has personal jurisdiction over
       Schwab........................................................................................................ 4

      1.  *The lawsuit does not arise from or relate to any contacts Schwab may have
          with Texas.* ........................................................................................... 5

      2.  *Schwab does not have continuous and systematic activities in Texas.* ........ 6

   C.  Plaintiff fails to plead facts to state an FDCPA or FCRA claim against
       Defendants. ................................................................................................. 7

      1.  *Plaintiff generically refers to "Defendants" and fails to give any one defendant
          proper notice of the claims against it.* ................................................... 8

      2.  *Plaintiff fails to state a claim under the FCRA.* ..................................... 9

      3.  *Plaintiff Fails to State an FDCPA claim against Defendants.* ............... 12

IV.  CONCLUSION ...................................................................................... 13

**TABLE OF AUTHORITIES**

**CASES**

*Alhamzawi v. Texas*, No. 3:12-cv-1237-L, 2012 WL 3072437
(N.D. Tex. Jul. 11, 2012) ................................................................................2

*Asahi Metal Indus. v. Superior Court of California*, 480 U.S. 102 (1989). .......................6

*Asarco, Inc. v. Glenara, Ltd.*, 912 F.2d 784 (5th Cir. 1990) ...............................................6

*Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009). .......................................................................7, 8

*Banks v. City of Fort Worth*, No. 4:09-CV-289-A, 2009 WL 2905718
(N.D. Tex. Sept. 9, 2009)...............................................................................9

*Bearry v. Beech Aircraft Corp.*, 818 F.2d 370 (5th Cir. 1987)............................................6

*Beckstrom v. Direct Merch.'s Credit Card Bank*, No. Civ. 04-1351, 2005 WL 1869107
(D. Minn. Aug. 5, 2005) ...............................................................................10

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)...........................................................7, 8

*Blanc v. Palisades Collection, LLP*, No. 06 Civ. 1626, 2007 WL 2216242
(S.D.N.Y. Nov. 1, 2007) ...............................................................................10

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985).......................................................4

*Cambridge Title Co. v. Transamerica Title Ins. Co.*, 817 F. Supp. 1263 (D. Md. 1992),
*aff'd*, 989 F.2d 491 (4th Cir. 1993)..............................................................11

*Conley v. Gibson*, 355 U.S. 41 (1957). ..............................................................................9

*Cridell v. Transunion LLC*, No. 09-C-6235, 2010 WL 1693093
(N.D. Ill. Apr. 27, 2010) ...............................................................................10

*Cupp v. Alberto-Culver USA, In*c., 308 F. Supp. 2d 873 (W.D. Tenn. 2004). ...................5

*Edge v. Prof'l Claims Bureau, Inc.*, 64 F. Supp. 2d 115 (E.D.N.Y. 1999), *aff'd*, 234 F.3d
1261 (2d Cir. 2000)........................................................................................10

*Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278 (5th Cir. 1992). .........................12

*Huertas v. Galaxy Asset Mgmt.*, 641 F.3d 28 (3d Cir. 2011) ............................................10

ii

*Huertas v. U.S. Dep't of Educ.*, No. 08-3959, 2009 WL 3165442
(D. N.J. Sept. 28, 2009) ................................................................. 10

*In re American Int'l Refinery*, 402 B.R. 728 (Bankr. W.D. La. 2008) ................................ 9

*James v. Interstate Credit and Collection, Inc.*, No. Civ.A. 03-CV-1037,
2005 WL 1806501 (E.D. Pa. Jul. 29, 2005) ................................... 10

*Johnston v. Multidata Sys. Intern. Corp.*, 523 F.3d 602 (5th Cir. 2008) ........................ 6, 7

*Korotki v. Attorney Servs. Corp.*, 931 F. Supp. 1269 (D. Md. 1996) ............................... 11

*Korotki v. Thomas, Ronald & Cooper, P.A.*, No. 96-1877, 1997 WL 753322
(4th Cir. 1997) .................................................................................. 10

*Miller v. Wolpoff & Abramson, LLP*, 309 Fed. App'x 40 (7th Cir. 2008) ........................ 10

*Norman v. Northland Grp., Inc.*, No. 12-10057, 2012 WL 5195965
(5th Cir. Oct. 22, 2012) ................................................................... 10

*Perretta v. Capital Acquisitions & Mgmt. Co.*, No. C-02-05561, 2003 WL 21383757
(N.D. Cal. May 5, 2003) ................................................................... 11

*Roberts v. Hartman*, No. SA-11-CC-1119, 2012 WL 2254325
(W.D. Tex. Jun. 14, 2012) ............................................................ 3, 4, 5

*Robinson v. Greystone Alliance, LLC*, No. BPG-10-3658, 2011 WL 2601573
(D. Md. June 29, 2011) ..................................................................... 11

*Ruston Gas Turbines, Inc. v. Donaldson Co., Inc.*, 9 F.3d 415 (5th Cir. 1993) ................. 4

*Setzer v. Richards*, No. A-11-CA-214, 2012 WL 32943 (W.D. Tex. Jan. 5, 2012) .......... 11

*Shah v. Collecto, Inc.*, No. Civ.A. 2004-4059, 2005 WL 2216242
(D. Md. Sept. 12, 2005) .................................................................... 10

*Smith v. John P. Frye, P.C.*, No. 10-CV-3366, 2011 WL 748363
(N.D. Ill. Feb. 24, 2011) ................................................................... 10

*Stewart v. Alonzo*, No. C-08-347, 2009 WL 174938 (S.D. Tex. Jan. 26, 2009) ............... 12

*Taylor v. Books A Million, Inc.*, 296 F.3d 376 (5th Cir. 2002) ......................................... 8

*Wilson v. Belin*, 20 F.3d 644 (5th Cir. 1994) ...................................................................... 6

## <u>STATUTES</u>

15 U.S.C. § 1681b.................................................................................................9, 10

Fed. R. Civ. P. 12(b)(5)...............................................................................................2

PA. R. CIV. P. 402........................................................................................................3

TEX. R. CIV. P. 106(a)..................................................................................................3

Defendants, John Schwab ("Schwab"), NCO Financial Systems, Inc. ("NCO") and Inovision-Medclr Portfolio Group, LLC ("Inovision") (collectively "Defendants"), through counsel and pursuant to the Federal Rules of Civil Procedure, submit this Brief in Support of their Motion to Dismiss the Complaint filed by Plaintiff, Mayford Davis, Jr. ("Plaintiff"), and show:

## I.    INTRODUCTION

Plaintiff filed this action *pro se* alleging Schwab, NCO and Inovision are debt collectors and violated the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681, *et seq.*, by pulling his credit report in connection with an attempt to collect a debt from him. Plaintiff also alleges the Defendants violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq.*; however, his FDCPA claims are based solely on his credit inquiry allegations.

The Court should dismiss Plaintiff's Complaint for at least 3 reasons. ***First***, Plaintiff failed to properly serve Schwab. ***Second***, Plaintiff fails to allege a single fact to establish this Court has personal jurisdiction over Schwab. ***Third***, Plaintiff fails to state a claim under either the FDCPA or the FCRA because (a) Plaintiff generically refers to "Defendants" and fails to give any one defendant proper notice of the claims against it, (b) even giving Plaintiff extreme pleading liberties, his allegations actually support permissible conduct under the FCRA, and (c) Plaintiff fails to allege any facts to support a claim under the FDCPA.

## II.   **PROCEDURAL HISTORY**

On October 18, 2012, Plaintiff filed this action alleging the Defendants violated the FDCPA and FCRA.  *See* Dkt. 1, Compl.  Plaintiff's sole factual allegation is the Defendants are "a collection agency" and "obtained his consumer credit report during the month of April 2009 . . . without a permissible purpose." Dkt. 1, Compl. at ¶¶ 10, 21, 26, 32, and 37.  Plaintiff does not allege any additional facts to support his alleged FDCPA claims.

On October 22, 2012, Plaintiff unsuccessfully attempted to serve Schwab via certified mail.  Plaintiff addressed and mailed the Summons to "Mr. John Schwab, President, NCO Financial Systems, 507 Prudential Road, Horsham, Pennsylvania 19044-2308." *See* Appendix, Ex. 1, Summons.  However, Schwab was no longer an NCO employee and NCO was not authorized to accept service on his behalf.

## III.   **LAW AND ARGUMENT**

"While the court is to liberally construe the briefs of *pro se* litigants, *pro se* parties must still brief issues and reasonably comply with court standards." *Alhamzawi v. Texas*, No. 3:12-cv-1237-L, 2012 WL 3072437, at * 1, 3 (N.D. Tex. Jul. 11, 2012) (citing *Grant v. Cullar*, 59 F.3d 523, 525 (5th Cir. 1995)).

### A.   **Plaintiff failed to properly serve Schwab.**

Under Rule 12(b)(5), the court shall dismiss any defendant upon whom service of process was inadequate.  Fed. R. Civ. P. 12(b)(5).  "Under Federal Rule of Civil Procedure 4(e)(2), a plaintiff may serve an individual in a judicial district of the United States by (1) delivering a copy of the summons and of the complaint to an individual

personally; (2) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (3) delivering a copy of each to an agent authorized by appointment or by law to receive service of process." *Roberts v. Hartman*, No. SA-11-CC-1119, 2012 WL 2254325, at * 3 (W.D. Tex. Jun. 14, 2012) (citing Fed. R. Civ. P. 4(e)(2)).

"Additionally, the Rule provides that an individual may be served pursuant to the law of the state where the district court is located or the state where service is made." *Id.* (citing Fed. R. Civ. P. 4(e)(1)). "Under Texas Rule of Civil Procedure 106(a), service may be made (1) by delivering a copy of the complaint and summons to the individual in person, or (2) by mailing the complaint and summons to the individual via certified or registered mail." TEX. R. CIV. P. 106(a). Under Pennsylvania Rule of Civil Procedure 402, "original process may be served (1) by handing a copy to the defendant; or (2) by handing a copy (i) at the residence of the defendant to an adult member of the family with whom he resides; or (ii) at the residence of the defendant to the clerk or manager of the hotel, inn, apartment, house, boarding house or other place of lodging at which he resides; or (iii) at any office or usual place of business of the defendant to his agent or to the person for the time being in charge thereof." PA. R. CIV. P. 402. "If the service of process is challenged as defective, the party responsible for serving has the burden to show that the service was valid." *Roberts*, 2012 WL 2254325, at *3.

Here, Plaintiff did not properly serve Schwab under the Federal Rules, the Texas Rules or the Pennsylvania Rules. Plaintiff did not deliver copies of the Summons and Complaint to Schwab personally, nor did he leave copies at Schwab's home. Further,

3

Plaintiff did not properly serve him at his place of employment (as of June 30, 2012, Schwab was no longer employed by NCO as its Corporate Financial Officer (CFO)), nor is NCO an authorized agent to accept service on Schwab's behalf.   Thus, the Court should dismiss Plaintiff's causes of action against Schwab for insufficiency of service of process.

**B.**      **Plaintiff fails to plead facts showing the Court has personal jurisdiction over Schwab.**

"Federal Rule of Civil Procedure 12(b)(2) requires the Court dismiss a claim if the Court lacks personal jurisdiction over [a] defendant." *Roberts*, 2012 WL 2254325, at * 1 (citing Fed. R. Civ. P. 12(b)(2)).   "The Court may exercise personal jurisdiction over the defendant (1) if the defendant is amenable to service under the long-arm statute of the forum state, and (2) if the exercise of personal jurisdiction comports with the notions of fair play and substantial justice under the due process clause of the Fourteenth Amendment." *Id.* (citing *J. McIntyre Mach., Ltd. v. Nicastro*, 131 S.Ct. 2780, 2787 (2011); *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 286 (1980); *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

"These two steps collapse into one . . . because the Texas Supreme Court has established that the Texas long-arm statute extends to the limits of federal due process." *Ruston Gas Turbines, Inc. v. Donaldson Co., Inc.*, 9 F.3d 415, 418 (5th Cir. 1993) (citing *Schlobohm v. Schapiro*, 784 S.W.2d 355, 357 (Tex. 1990)).   Under the Due Process Clause, personal jurisdiction may be either general or specific. *See, e.g., Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472-73 (1985).   "General jurisdiction arises when a

defendant's contacts with the forum are . . . 'continuous and systematic . . . .' Specific jurisdiction arises when the defendant has sufficient minimum contacts . . . to the cause of action . . . ." *Cupp v. Alberto-Culver USA, In*c., 308 F. Supp. 2d 873, 877 (W.D. Tenn. 2004). "The burden is on the plaintiff to make a prima facie showing that the Court has personal jurisdiction over the defendant." *Roberts*, 2012 WL 2254325, at * 1 (citing *Ham v. LaCienegaMusic Co.*, 4 F.3d 413, 415 (5th Cir. 1993)). Here, Plaintiff fails to allege *any* facts to support exercising personal jurisdiction over Schwab – general or specific.

> ### 1. *The lawsuit does not arise from or relate to any contacts Schwab may have with Texas.*

"A state exercises specific jurisdiction over a non-resident defendant when the lawsuit arises from or relates to the defendant's contact with the forum state." *Id.* (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 at n. 8 (1984)). For specific jurisdiction purposes, minimum contacts can only be satisfied when the defendant "purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Id.* (quoting *Burger King*, 471 U.S. at 475). "The non-resident's 'purposeful availment' must be such that the defendant 'should reasonably anticipate being haled into court' in the forum state." *Id.* (citing *World-Wide Volkswagen*, 444 U.S. at 297). The United States Supreme Court has held the "substantial connection" between the defendant and the forum state necessary for a finding of minimum contacts must come about by an action of the defendant

purposefully directed toward the forum state. *Asahi Metal Indus. v. Superior Court of California*, 480 U.S. 102, 112 (1989).

Here, Plaintiff does not allege Schwab had *any* contacts with Texas. Plaintiff alleges Schwab and the "Defendants" have a Pennsylvania address and violated the FCRA and the FDCPA by impermissibly obtaining his credit report. *See* Dkt. 1, Compl. at ¶¶ 10, 21, 32, and 37. Plaintiff does not allege, nor can he, that Schwab had any contact with Texas or that any of the alleged conduct took place in Texas. Plaintiff's allegations that other individuals employed by the corporate Defendants sent letters to him in Texas is plainly insufficient to establish personal jurisdiction over Schwab. In fact, Schwab was not even employed by NCO during the relevant time period. Plaintiff fails as a matter of law to establish personal jurisdiction over Schwab.

### 2.   *Schwab does not have continuous and systematic activities in Texas.*

"This circuit has consistently imposed the high standard set by the Supreme Court when ruling on general jurisdiction issues." *Johnston v. Multidata Sys. Intern. Corp.*, 523 F.3d 602, 609 (5th Cir. 2008).[1] "General jurisdiction . . . exists when a non-resident defendant's contacts with the forum state are substantial, continuous, and systematic." *Id.* (citing *Helicopteros Nacionales*, 466 U.S. at 414-16; *Religious Tech. Ctr. v.*

---

[1] *See also Wilson v. Belin*, 20 F.3d 644, 651 (5th Cir. 1994) ("Even if [the defendant's] contacts with Texas via his short-lived malpractice insurance arrangement through a Texas law firm and his multi-year pro bono association with the historical society were arguably continuous, we hold that they were not substantial enough to warrant the imposition of general personal jurisdiction over [him]."); *Asarco, Inc. v. Glenara, Ltd.*, 912 F.2d 784, 787 (5th Cir. 1990) (holding that sporadic contacts with Louisiana were insufficient to cause the defendant to reasonably anticipate the possibility of being haled into court in Louisiana); *Bearry v. Beech Aircraft Corp.*, 818 F.2d 370, 373-76 (5th Cir. 1987) (holding that the sale of over $250 million of products to seventeen Texas customers over a five year period did not constitute systematic and continuous contacts with Texas because delivery was accepted in Kansas).

*Liebreich*, 339 F.3d 369, 374 (5th Cir. 2003)).   The test for general jurisdiction is considerably more stringent than the test for specific jurisdiction, and "'is a difficult one to meet, requiring extensive contacts between a defendant and a forum.'"   *Id.*   "'Even repeated contacts with forum residents by a foreign defendant may not constitute the requisite substantial, continuous and systematic contacts required for a finding of general jurisdiction . . . .'"   *Id.*   "'Random, fortuitous, or attenuated contacts are not sufficient to establish jurisdiction.'"   *Id.*

Plaintiff has not, and cannot, alleged Schwab resides in Texas, owns any property here, or has any meaningful ties to the state whatsoever. *See* Dkt. 1, Compl.  The record is quite clear Schwab does not have sufficient systematic and continuous contacts with Texas to establish general jurisdiction and Plaintiff fails to allege *any* facts to support this Court exercising personal jurisdiction over Schwab.  The Court should dismiss the claims against Schwab as a matter of law.

C.   **Plaintiff fails to plead facts to state an FDCPA or FCRA claim against Defendants.**

Federal Rules of Civil Procedure 8(a)(2) and 12(b)(6) require a pleading contain a short and plain statement of the claim showing the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).   "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555).   "A claim has facial plausibility when the plaintiff pleads

7

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Although a complaint does not require detailed factual allegations, the "allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The court explained the purpose of Rule 8(a)(2) is to "give the Defendant fair notice of the claim and the grounds upon which it rests." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal*, 129 S.Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id.*

While the Court may be inclined to hold the *pro se* Plaintiff to a less stringent standard, "regardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, 'conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.'" *Taylor v. Books A Million, Inc.*, 296 F.3d 376 (5th Cir. 2002) (quoting *Christian Leadership Conference v. Supreme Court of the State of La.*, 252 F.3d 781, 786 (5th Cir. 2001)).

### 1. *Plaintiff generically refers to "Defendants" and fails to give any one defendant proper notice of the claims against it.*

The first fatal flaw in Plaintiff's Complaint is that he lumps all of the Defendants together as one, alleges all Defendants are debt collectors despite his knowledge to the contrary, and fails to plead any facts specific to each individual Defendant. Rule 8(a) requires the allegations in Plaintiff's Complaint "give the Defendant[s] fair notice of what

the claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Plaintiff's collective mode of pleading does not satisfy the basic notice pleading standards under Rule 8(a). *See Banks v. City of Fort Worth*, No. 4:09-CV-289-A, 2009 WL 2905718, at * 2 (N.D. Tex. Sept. 9, 2009) (granting defendants' motion to dismiss where plaintiff failed to allege any specific factual allegations as to the individual defendants); *In re American Int'l Refinery*, 402 B.R. 728, 739 (Bankr. W.D. La. 2008) (holding complaint which grouped director defendants and failed to identify each defendants' role or conduct did not provide fair notice of the grounds of the claims asserted against them).

### 2. *Plaintiff fails to state a claim under the FCRA.*

Plaintiff's FCRA claim is based entirely on one conclusory allegation – "Defendants, a collection agency, . . . obtained [Plaintiff's] consumer credit report during the month of April 2009 . . . without a permissible purpose as set forth in 15 U.S.C. 1681(b)." Dkt. 1, Compl. at ¶¶ 10, 21, 32, and 37. Yet, Plaintiff fails to explain why the "Defendants" – who he claims are a "collection agency" – lack a permissible purpose to access his credit report. Instead, Plaintiff's allegations show Defendants had a permissible purpose to access his credit report.

As Plaintiff acknowledges, the FCRA permits access to a consumer's credit report when a permissible purpose exists. 15 U.S.C. § 1681b. The FCRA provides several permissible purposes to access a consumer's credit report, including "review or collection

9

of an account of the consumer." *Id.* at § 1681b(a)(3)(A).[2] Consistent with the plain

language of § 1681b(a)(3)(A), Courts have continually held a debt collector or a

collection agency accessing a consumer's credit report in connection with the collection

of a debt does so with a permissible purpose. *See Norman v. Northland Grp., Inc.*, No.

12-10057, 2012 WL 5195965, at * 1-2 (5th Cir. Oct. 22, 2012); *see also Huertas v.*

*Galaxy Asset Mgmt.*, 641 F.3d 28, 34 (3d Cir. 2011); *Miller v. Wolpoff & Abramson,*

*LLP*, 309 Fed. App'x 40, 43 (7th Cir. 2008); *Edge v. Prof'l Claims Bureau, Inc.*, 64 F.

Supp. 2d 115, 118 (E.D.N.Y. 1999), *aff'd*, 234 F.3d 1261 (2d Cir. 2000); *Korotki v.*

*Thomas, Ronald & Cooper, P.A.,* No. 96-1877, 1997 WL 753322, at * 2 (4th Cir. 1997);

*Smith v. John P. Frye, P.C.*, No. 10-CV-3366, 2011 WL 748363, at * 1-3 (N.D. Ill. Feb.

24, 2011); *Cridell v. Transunion LLC,* No. 09-C-6235, 2010 WL 1693093, at * 4 (N.D.

Ill. Apr. 27, 2010) ("Because Torres was acting as a debt collection agency, it had a

legitimate reason to obtain Cridell's credit report, and he has failed to state a claim that

Torres acted unlawfully under the FCRA"); *Huertas v. U.S. Dep't of Educ.*, No. 08-3959,

2009 WL 3165442, at * 8-9 (D. N.J. Sept. 28, 2009); *Blanc v. Palisades Collection, LLP,*

No. 06 Civ. 1626, 2007 WL 2216242, at * 2, 9 (S.D.N.Y. Nov. 1, 2007); *Shah v.*

*Collecto, Inc.*, No. Civ.A. 2004-4059, 2005 WL 2216242, at * 1, 11 (D. Md. Sept. 12,

2005); *Beckstrom v. Direct Merch.'s Credit Card Bank*, No. Civ. 04-1351, 2005 WL

1869107, at * 3 (D. Minn. Aug. 5, 2005); *James v. Interstate Credit and Collection, Inc.*,

No. Civ.A. 03-CV-1037, 2005 WL 1806501, at * 2, 4 (E.D. Pa. Jul. 29, 2005); *Perretta v.*

---

[2] Ironically, Plaintiff, citing to § 1681b, alleges he "reviewed all of the limited and specific circumstances that would grant Defendants permissible purpose to obtain Plaintiff's consumer credit report under 15 U.S.C. § 1681b and none applied to the Defendants . . . ." Dkt. 1, Compl. at ¶ 33.

*Capital Acquisitions & Mgmt. Co.*, No. C-02-05561, 2003 WL 21383757, at * 5 (N.D. Cal. May 5, 2003). "As long as the debt collector has reason to believe that the consumer owes the debt, the debt collector may permissibly obtain the consumer's credit report without violating the FCRA." *Robinson v. Greystone Alliance, LLC*, No. BPG-10-3658, 2011 WL 2601573, at * 3 (D. Md. June 29, 2011); *see also Korotki v. Attorney Servs. Corp.*, 931 F. Supp. 1269 (D. Md. 1996) ("purpose in obtaining a consumer report was permissible, even though defendant merely had reason to believe plaintiff owed him a debt, and did not have conclusive proof of that fact"); *Cambridge Title Co. v. Transamerica Title Ins. Co.*, 817 F. Supp. 1263, 1278 (D. Md. 1992), *aff'd*, 989 F.2d 491 (4th Cir. 1993) (so long as user believes that a permissible purpose exists, that user may obtain a consumer report without violating the FCRA).

Here, Plaintiff alleges Defendants are debt collectors and obtained his consumer report during the month of April 2009 – clearly a permissible purpose under the FCRA.[3] *See* Dkt. 1, Compl. at ¶ 10, 12, and 21. Thus, Plaintiff's FCRA claim fails as a matter of law and should be dismissed.

---

[3] It is difficult to discern the particular FCRA provisions upon which the Complaint is grounded. However, to the extent Plaintiff attempts to allege a violation of § 1681s-2 (*see* Dkt. 1, Compl. at ¶ 44), no private right of action is available under that section. *See Setzer v. Richards*, No. A-11-CA-214, 2012 WL 32943, at * 7 (W.D. Tex. Jan. 5, 2012) (citing *Galaxy Asset Mgmt.*, 641 F.3d at 34; *Peart v. Shippie*, 345 Fed. App'x 384, 386 (11th Cir. 2009); *Lang v. TCF Nat'l Bank*, 338 Fed. App'x 541, 544 (7th Cir. 2009); *Pinson v. Equifax Credit Info. Servs., Inc.*, 316 Fed. App'x 744, 751 (10th Cir. 2009); *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1154 (9th Cir. 2009); *Saunders v. Branch Banking & Trust Co.*, 526 F.3d 142, 149 (4th Cir. 2008); *Bach v. First Union Nat'l Bank*, 149 Fed. App'x 354, 358-59 (6th Cir. 2005); *Smith v. Nat'l City Mortg.*, No. A-09-CV-881, 2010 WL 3338537, at * 15 (W.D. Tex. Aug. 23, 2010); *Patterson v. Long Beach Mortg. Co.*, No. 3:07-CC-1602, 2009 WL 4884151, at * 4 (N.D. Tex. Dec. 15, 2009)).

### 3.    *Plaintiff Fails to State an FDCPA claim against Defendants.*

"In order to prevail on a FDCPA claim, the plaintiff must prove the following: (1) the plaintiff has been the object of collection activity arising from consumer debt; (2) the defendant is a debt collector defined by the FDCPA; and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." *Stewart v. Alonzo*, No. C-08-347, 2009 WL 174938, at * 2 (S.D. Tex. Jan. 26, 2009) (citations omitted). Here, Plaintiff fails to plead a single fact to support an FDCPA cause of action against any of the Defendants. In fact, Plaintiff fails even to mention Schwab in Count I.

First, Plaintiff does not allege the money or property at issue was a "consumer debt," an essential element of any FDCPA claim. *See* Dkt. 1, Compl. Second, Plaintiff fails to allege the Defendants committed any act or omission prohibited by the FDCPA.

Plaintiff's sole factual allegation is the debt collector Defendants pulled his credit report in connection with a collection account. However, the FDCPA does not prohibit such conduct. As described above, even as alleged, Defendants conduct complied with the law, not violated it.

Again, Plaintiff fails to allege a single fact to support an FDCPA claim against any of the Defendants. Plaintiff's mere recitation of the subsections of the FDCPA is insufficient. "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1992). The Court should, therefore, dismiss Plaintiff's claims as a matter of law.

## IV.    __CONCLUSION__

In sum, Plaintiff failed to properly serve or establish personal jurisdiction over Schwab.   And, even when Plaintiff's claims are read in a light most favorable to the Plaintiff, he has failed to state a claim for relief under the FCRA or the FDCPA.   For the foregoing reasons, Defendants John Schwab, NCO Financial Systems, Inc. and Inovision-Medclr Portfolio Group, LLC, respectfully request this Court grant their Motion to Dismiss all claims with prejudice.

Respectfully submitted,

Whitney L. White
State Bar No. 24075269
Sessions, Fishman, Nathan & Israel, LLC
900 Jackson Street, Suite 440
Dallas, Texas 75202
Telephone: 214-741-3001
Facsimile: 214-741-3055
wwhite@sesions-law.biz

**Attorney for Defendants**

13

**CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of November, 2012, a copy of the foregoing

**Defendants' Brief in Support of their Motion to Dismiss Plaintiff's Complaint** was

filed with the Clerk of the Court, United States District Court for the Northern District of

Texas, and served via certified mail, return receipt requested to Plaintiff at the below

address:

    Mayford K. Davis, Jr.
    216 Camelot Drive
    Weatherford, Texas 76086

                                      Whitney L. White

14