FILED
U.S. DISTRICT COURT
NORTHERN DIST. OF TX
FT. WORTH DIVISION

2012 DEC 31   AM 11: 06

CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| MAYFORD K. DAVIS, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Cause No.  4:12-cv-00740-A |
| v. ) | |
| ) | |
| JOHN SCHWAB, NCO FINANCIAL ) | |
| SYSTEMS, INC., and INOVISION- ) | |
| MEDCLR PORTFOLIO GROUP, ) | |
| LLC ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' BRIEF IN SUPPORT OF THEIR
MOTION TO STRIKE PLAINTIFF'S SURREPLY**

Whitney L. White
State Bar No. 24075269

**Sessions, Fishman, Nathan, & Israel, LLC**
900 Jackson Street, Suite 440
Dallas, Texas 75202
Telephone: (214) 741-3001
Facsimile:  (214) 741-3055
Email: wwhite@sessions-law.biz

**Attorney for Defendants**

1

Defendants, John Schwab (Schwab), NCO Financial Systems, Inc. (NCO) and Inovision-Medclr Portfolio Group, LLC (Inovision), through counsel and under the Federal Rules of Civil Procedure and the Local Rules, submit this Brief in Support of their Motion to Strike the Surreply filed by Plaintiff, Mayford Davis, Jr. (Plaintiff), and state:

## I. INTRODUCTION

Plaintiff filed this action *pro se* alleging the Defendants violated the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681, *et seq.*, and the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq.*, in connection with the collection of a debt from him. (Dkt. 1.) Defendants timely filed a Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(2), (b)(5) and (b)(6), Plaintiff responded, and Defendants replied. (Dkt. 9.)

Then, on December 19, 2012, after the Motion was fully briefed, Plaintiff improperly filed a "Further Response to Defendants' Motion to Dismiss." (Dkt. 19.) Plaintiff's "Further Response," however, is nothing more than a surreply filed without leave of Court or conferring with counsel for Defendants. As this Court is aware, neither the Federal Rules, nor this Court's Local Rules, permit filing a surreply absent leave of Court. This Court should, therefore, strike Plaintiff's improper surreply from the record.

## II. PROCEDURAL HISTORY

On October 18, 2012, Plaintiff filed this action. (Dkt. 1.) On November 13, 2012, Defendants filed a Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(2), (b)(5) and (b)(6). (Dkt. 9.) On November 26, 2012, Plaintiff filed his response, and on

2

December 10, 2012, Defendants filed their Reply, at which time the Motion was fully briefed. (Dkts. 12 and 18.)

On December 19, 2012, Plaintiff filed his Further Response to Defendants' Motion to Dismiss. (Dkt. 19.)

### III. LAW AND ARGUMENT

"Neither the Local Rules of this Court nor the Federal Rules of Civil Procedure allow a party to file a surreply as a matter of right." *Corbello v. Sedgwick Claims Mgmt. Servs., Inc.*, 856 F.Supp.2d 868, 890 (N.D. Tex. 2012). "Surreplies are 'highly disfavored'" and are documents typically designed to gain "the last word on a matter." *Id.* Even though Plaintiff is proceeding *pro se*, he must still adhere to all rules that a licensed attorney is required to follow. *See, e.g., Igbokwe v. Dallas County Sch.*, No. 3:11-CV-3036-L, 2012 WL 4512489, at *7 (N.D. Tex. Sept. 30, 2012); *Murray v. Austin Indep. Sch. Dist.*, No. A-11-CA-666, 2012 WL 716173, at *1 (W.D. Tex. March 5, 2012).

Here, as stated above, Plaintiff improperly filed a surreply without first seeking leave of Court. Plaintiff's reply addressed all of the issues raised in Defendants' briefing, and he has failed to demonstrate any "exception" or "extraordinary" circumstances that would justify filing a surreply. Plaintiff's Surreply is nothing more than a thinly veiled attempt to "get in the last word." The Court should not tolerate such improper conduct, and should strike Plaintiff's surreply from the record. In the alternative, Defendants request the Court grant Defendants 10 days to respond to Plaintiff's Surreply.

## IV.  CONCLUSION

In sum, Plaintiff improperly filed a surreply without leave of Court. The Defendants, therefore, respectfully request this Court strike the surreply from the record, or allow Defendants 10 days to respond to its contents.

Respectfully Submitted,

_____
Whitney L. White
State Bar No. 24075269
**Sessions, Fishman, Nathan, & Israel, LLC**
900 Jackson Street, Suite 440
Dallas, Texas 75202
Telephone: (214) 741-3001
Facsimile: (214) 741-3055
Email: wwhite@sessions-law.biz

**Attorney for Defendants**

## CERTIFICATE OF CONFERENCE

On December 28, 2012, Counsel for Defendant attempted to comply with the meet and confer requirement in L.R. 7.1(a) and attempted to confer by telephone with Plaintiff regarding the content and relief requested in this Motion. Plaintiff has not responded to counsel's calls. Therefore, it is presumed Plaintiff is opposed to the relief sought herein.

_____
Whitney L. White

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of December, 2012, a copy of the foregoing **Defendants' Brief in Support of their Motion to Strike Plaintiff's Surreply** was filed with the Clerk of the Court, United States District Court for the Northern District of Texas, and served via certified mail, return receipt requested to Plaintiff at the below address:

Mayford K. Davis, Jr.
216 Camelot Drive
Weatherford, Texas 76086

_____
Whitney L. White