U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

FEB 26 2013

CLERK, U.S. DISTRICT COURT
By _____
      Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| MAYFORD K. DAVIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:12-CV-740-A |
| | § | |
| JOHN SCHWAB, ET AL., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
and
ORDER

Now before the court for consideration is the motion of defendants, John Schwab ("Schwab"), NCO Financial Systems, Inc. ("NCO"), and Inovision-Medclr Portfolio Group, LLC ("Inovision"), to dismiss the complaint of plaintiff, Mayford K. Davis. The motion seeks dismissal of claims against Schwab for (1) improper service on Schwab, and (2) lack of personal jurisdiction over Schwab. The motion also seeks dismissal of all claims alleged by plaintiff against all defendants for failure to state a claim, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Having considered the complaint, the motion and supporting brief, plaintiff's response, and defendants' reply, the court concludes that the motion to dismiss under Rule 12(b)(6) for failure to state a claim should be granted, and the complaint should be dismissed with prejudice.

I.

Background

Plaintiff initiated this action by filing a complaint in this court against defendants, alleging that defendants violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, by obtaining plaintiff's credit report without a permissible purpose and without plaintiff's consent or knowledge.

Plaintiff makes the following factual allegations:

On or about May 17, 2011, plaintiff obtained his consumer credit report from Equifax, TransUnion, and Experian, three credit reporting agencies. Plaintiff discovered an entry on the Experian report "connected to" defendants that plaintiff did not know about and had not authorized. After examining the credit reports, plaintiff discovered that defendants had obtained his credit report in April 2009. On or about July 24, 2012, plaintiff mailed a certified letter to defendants regarding his intent to file a lawsuit against them. On or about August 7, 2012, plaintiff received a letter from Dawn M. Rhodenbaugh ("Rhodenbaugh"), a consumer affairs representative, on behalf of defendant Schwab, stating that "the above referenced account is closed in our office." Compl. at 5, ¶ 23. On or about August 8,

2012, plaintiff mailed another certified letter "regarding Notice of Impending Lawsuit."  Id. at ¶ 24.

## II.

## Grounds of the Motion

Defendants contend that the complaint should be dismissed because, even liberally construed, the complaint fails to allege facts that can support a claim under FDCPA or FCRA, and because plaintiff's allegations actually support permissible conduct under FCRA.

## III.

## Analysis

A.  Standard of Review

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks and ellipsis omitted).  Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action.  See Twombly, 550 U.S. at 555 & n.3.  Thus, while a

3

court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.")

Moreover, to survive a motion to dismiss for failure to state a claim, the facts pleaded must allow the court to infer that the plaintiff's right to relief is plausible. Iqbal, 556 U.S. at 679. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. Twombly, 550 U.S. at 566-69. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

B. Applying the Standards to the Amended Complaint

Proceeding on the basis of the information before the court in plaintiff's complaint, the court finds that plaintiff's allegations for his FDCPA and FCRA claims fall short of the pleading standards and fail to state a claim upon which relief may be granted.

1.   FDCPA Claims

Plaintiff alleges that defendants violated section 1692e(2) and 1692e(10) of FDCPA by obtaining plaintiff's consumer credit report "under false and misleading representations," using "deceptive means in an attempt to collect an alleged debt," utilizing "Unfair Practices in the attempt to collect an alleged debt," and failing "to adequately validate the alleged debt." Compl. at 5.  The purposes of FDCPA are "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses."  15 U.S.C. § 1692(e).  Section 1692e provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> ***
>
> (2) The false representation of--
>
> > (A) the character, amount, or legal status of any debt; or
>
> > (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.
>
> ***

5

> (10) The use of any false representation or
> deceptive means to collect or attempt to collect
> any debt or to obtain information concerning a
> consumer.

Plaintiff alleges nothing in his complaint that could support a theory that defendants made false or misleading representations to him in connection with collecting a debt. Plaintiff alleges few, if any, facts that defendants made any representations to him regarding a debt that could be considered false, misleading, or deceptive. The only communication mentioned by plaintiff with regards to his FDCPA claim is that he received the letter from Rhodenbaugh in response to a letter that he sent to defendants Rhodenbaugh's letter made no representations to plaintiff other than the statement that "the above-reference account is closed" There is no mention in the complaint of any other activity on the part of defendants related to plaintiff and the FDCPA claim. Plaintiff does little more than recite the elements of the cause of action he alleges, and his FDCPA claim must be dismissed.

2. <u>FCRA Claims</u>

Plaintiff alleges that defendants obtained his consumer credit report without a permissible purpose, in violation of 15 U.S.C. §§ 1681b, 1681n, and 1681o. Under the FCRA, a debt collector or collection agency may access a consumer's credit report for a permissible purpose. 15 U.S.C. § 1681b. Defendants argue that (1) plaintiff fails to allege why defendants lacked a permissible purpose to access his consumer

credit report, and (2) that the facts alleged show that defendants had a permissible purpose to access plaintiff's consumer credit report. Plaintiff alleges that defendants lacked a permissible purpose for obtaining his consumer credit report because "[t]here does not exist an account with the Defendant that provides them a right to collect" any debt. Compl. at 6, ¶ 34. However, plaintiff also alleges within his cause of action that defendants' counsel had responded to a letter written by plaintiff and explained that defendants had a permissible purpose for obtaining the consumer credit report because defendants were reviewing an alleged medical debt owed by plaintiff. Id. at 7, ¶ 39. A debt collector or collection agency has a permissible purpose in obtaining a consumer credit report if it "intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the . . . review or collection of an account of, the consumer." 15 U.S.C. § 1681b(a)(3)(A). See Norman v. Northland Group, Inc., No. 12-10057, 2012 WL 5195965, at *1 (5th Cir. Oct. 22, 2012). Plaintiff alleges no other facts regarding whether defendants had a permissible purpose for accessing his credit report. Thus, between plaintiff's failure to allege adequate facts and plaintiff's own allegations that defendants were reviewing his account in regards to a debt, plaintiff has

not stated a claim under FCRA, and his complaint should be dismissed.

IV.

Order

Therefore,

The court ORDERS that defendants' motion to dismiss be, and is hereby, granted in all respects.

The court further ORDERS that all pending motions in this action be, and are hereby, denied as moot.

SIGNED February 26, 2013.

_____
JOHN McBRYDE
United States District Judge